UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KNOWN LITIGATION HOLDINGS, LLC,<br>    *Plaintiff*,<br>    *v.*<br>NAVIGATORS INSURANCE CO, NAVIGATORS MANAGEMENT (UK) LTD., CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S OF LONDON, NEW ENGLAND CASH DISPENSING SYSTEMS, Inc., and INTEGRATED MERCHANT SYSTEMS, LLC,<br>    *Defendants*. | Civil No. 3:12cv269 (JBA)<br><br>January 15, 2016 |

**RULING ON DEFENDANTS' OBJECTION TO PLAINTIFF'S PRIVILEGE LOG**

On December 18, 2015, Defendants moved [Doc. # 141] to Compel the production of a number of documents. A status conference was held on the record on December 21, 2015, during which the Court granted the motion to compel and instructed Plaintiff to file a privilege log with respect to any exhibits it withheld on claim of privilege. During a pre-filing conference held on the record on January 8, 2016, Defendants objected to Plaintiff's claim of privilege reflected in its log, and the Court directed Plaintiff to submit the document at issue to the Court for in camera review. Having reviewed the document, the Court finds that Plaintiff has properly asserted the attorney work-product privilege.

> Under Federal Rule of Civil Procedure 26(b)(3)(A)
>
> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the

> materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Rule 23(b)(3) "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries." *Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015) (internal quotation marks omitted). In determining whether the work-product doctrine applies, a court must undertake a two-step analysis:

> First, it must decide whether the sought "documents and tangible things" were "prepared in anticipation of litigation or for trial by or for another party or its representative." *Id*. The party asserting work-product protection bears the burden of proof on that step. If the party asserting work-product protection meets its burden, then the court moves to the second step of analysis, which examines whether the evidence is nonetheless discoverable. That requires the party seeking discovery to show that the documents and other tangible things are otherwise discoverable under Rule 26(b)(1) and that the party "cannot, without undue hardship, obtain their substantial equivalent by other means."

*QBE Ins. Corp. v. Interstate Fire & Safety Equip. Co.*, No. 3:07CV1883 (SRU), 2011 WL 692982, at *2 (D. Conn. Feb. 18, 2011) (quoting Fed. R. Civ. P. 26(b)(3)(A)).

The document at issue in this case is a report entitled "Observations Regarding Potential Acts of Professional Negligence of Certain Accountant Firms," written by an accountant named Conrad A. Kappel who was engaged by Plaintiff's counsel in December 2011 for purposes of producing the report. Based on the Court's examination of the document, the Court concludes that it is a "document" "prepared in anticipation of litigation or for trial" by a consultant retained by Plaintiff. Defendants have not asserted that the document is otherwise discoverable under Rule 26(b)(1) or that they cannot, without undue hardship, obtain the substantial equivalent of the document by other

2

means. Accordingly, Defendants' objection to Plaintiff's claim of privilege is OVERRULED.

IT IS SO ORDERED.

_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this __ day of January, 2016.