UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KNOWN LITIGATION HOLDINGS, LLC (AS SUCCESSOR ASSIGNEE OF DOMESTIC BANK), <br><br> Plaintiff, <br><br> vs. <br><br> NAVIGATORS INSURANCE COMPANY, NAVIGATORS MANAGEMENT (UK) LTD, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S OF LONDON, NEW ENGLAND CASH DISPENSING SYSTEMS, INC., AND INTEGRATED MERCHANT SYSTEMS, LLC <br><br> Defendants. | CIVIL ACTION NO.: 3:12-cv-00269 (JBA) <br><br> January 27, 2016 |

**PLAINTIFF'S RULE 56.1 STATEMENT
OF MATERIAL FACTS NOT IN DISPUTE**

Plaintiff Known Litigation Holdings, LLC ("KLH") states, pursuant to District of Connecticut Local Civil Rule 56.1, that the following facts are uncontested:

**KLH**

1. Domestic Bank was a southern New England community bank with a network of over 1,200 automatic teller machines located primarily in stores throughout the area. (Baker Dec. ¶ 6.)

2. Domestic Bank was a wholly owned subsidiary of Sargent Investors, Inc., a Rhode Island corporation ("Sargent Inc."), and prior to May 4, 2010, all of the capital stock of Sargent Inc. was owned by Sargent Investments, LLC, a Rhode Island limited liability company ("Sargent LLC"), and the Nathaniel B. Baker Irrevocable Stock Trust U/A dated September 11, 1991 (the "Trust"). Prior to May 4, 2010, because Sargent LLC and the Trust owned Sargent,

Inc., the parent company of Domestic Bank, they effectively owned and controlled Domestic Bank. (Sargent LLC and the Trust are collectively referred to as the "Bank's Prior Owners.") (Baker Dec. ¶ 7.)

3. On or about May 4, 2010, pursuant to a purchase agreement transaction, the Bank's Prior Owners sold all of the capital stock of Sargent, Inc. to Federal One Holdings, LLC, a Delaware limited liability company. (Baker Dec. ¶ 8.)

4. As a result of such Purchase Agreement, Federal One became the owner of Sargent, Inc., and as a result, control of Sargent, Inc.'s subsidiary, Domestic Bank, was transferred from the Bank's Prior Owners to Federal One. (Baker Dec. ¶ 8.)

5. KLH is a Rhode Island limited liability company owned by the Bank's Prior Owners. (Baker Dec. ¶ 9.)

6. On or about May 4, 2010, and as provided in the Purchase Agreement, Sargent Inc. and Domestic Bank assigned to the Bank's Prior Owners the claims and causes of action that are alleged in this action, and in doing so granted permission to prosecute any such claims and causes of action using the name "Domestic Bank" as may be useful or necessary. Pursuant to an assignment of claims (the "Assignment of Claims") the Bank's Prior Owners assigned such claims to KLH. (Baker Dec. ¶ 9.)

**The NECD And IMS Agreements**

7. Starting in 2000, NECD/IMS, provided a variety of "ATM Services" to assist Domestic Bank, in managing and operating its ATM network. (Breitenbach Dec. Exh. 1.)

8. Domestic Bank was NECD/IMS's only customer. (Baker Dec. ¶ 10.)

2

9.      Domestic Bank entered into a separate "Agreement Re Courier Services" with NECD and IMS.  (The "Courier Agreement") (Breitenbach Dec. Exh. 2.)

10.     Under the Courier Agreement, NECD was in certain instances to pick up cash owned by Domestic Bank and supplied to NECD (the "Bank Cash") from non-party Mount Vernon, an armored car and cash management service.  (Breitenbach Dec. Exh. 2 at ¶ 1.)

11.     Under the Courier Agreement, NECD undertook to obtain and transfer Bank Cash to ATMs, fill existing canisters of Bank Cash, and count residual cash.   (Breitenbach Dec. Exh. 2 at ¶ 1.)

12.     Pursuant to Paragraph 2 of the Courier Agreement NECD/IMS was required to maintain insurance and "[i]n all such insurance, Bank will be named as loss payee." (Breitenbach Dec. Exh. 2 at ¶ 2.)

13.     In 2006 NECD/IMS procured insurance with Navigators naming Domestic Bank "loss payee" and protecting Domestic Bank for any theft or embezzlement on the part of any NECD/IMS employees or agents.  (Baker Dec. ¶ 13.)

**The Insurance Policies**

14.     In February 2006 Navigators insured NECD for certain "courier risks" for a one year term.  (Breitenbach Dec. Exh. 3.)

15.     The policy provided both premises coverage and transit coverage.  (Breitenbach Dec. Exh. 3.)

16.     The policy was amended to contain a "Loss Payment Rider" and a 30 Days Cancellation Clause.  (Breitenbach Dec. Exhs. 4 & 5.)

17. This Policy provided protection to Domestic Bank for losses caused by dishonesty and/or embezzlement committed by the employees of the insured. (Breitenbach Dec. Exh. 3.)

18. On July 10, 2006 an Armored Car Cargo Liability Policy endorsement was included as part of the insurance policy. (Breitenbach Dec. Exh. 6.) The Armored Car Cargo Liability Policy endorsement provided coverage for loss of or damage to property, "including any act or omission of the insured or any of its employees, or anyone acting in its service." (*Id.*)

19. From 2006 through and including 2010, Navigators continued to insure NECD and IMS for "Armored Car Transit Risks," "Vault/Premises Risks," and "Unarmored Vehicle Transit Risks" all of which contained the same "loss payee" provision, 30 day cancellation provision, and a provision protecting Domestic Bank from acts of dishonesty and/or embezzlement committed by any employees or agents of NECD/IMS. (Breitenbach Dec. Exhs. 7 & 8.)

20. The 2010 policy stated, "The policy covers the liability of the insured, assumed by the contractor or otherwise, for loss of or damage to the property." (Breitenbach Dec. Exh. 8, ¶ 1.)

**NECD/IMS's Employees Embezzle Bank Cash**

21. Starting sometime after the 2006 insurance policy had been executed, some of NECD/IMS's employees, began diverting Domestic Bank cash intended to refill ATMs to themselves for their personal use. (Baker Dec. ¶ 18.)

22. On February 9, 2010, Domestic Bank learned that its vaulting company, Mount Vernon, was the subject of federal government investigations into currency theft and bank fraud. (Baker Dec. ¶ 20.)

23. Upon learning this, Domestic Bank asked NECD to undertake an immediate accounting of Bank Cash. (Baker Dec. ¶ 20.)

24. On February 23, 2010 NECD/IMS CEO Joe Sarlo met with Domestic Bank Executive Vice President Craig Baker in Mystic, Connecticut. During that meeting, Joe Sarlo told Craig Baker that there was a shortage of Bank Cash of at least $1 million. (Baker Dec. ¶ 21.)

25. Domestic Bank immediately commenced its own investigation and audit of ATMs serviced by NECD to determine with certainty if there were actual shortages of Bank Cash. (Baker Dec. ¶ 22.)

26. Subsequent to the February 23, 2010 meeting, Domestic Bank determined that there were shortages of Bank Cash of $ 5,353,761. (Baker Dec. ¶ 23.) (Breitenbach Dec. Exh. 9.)

**Navigators Rescinds the Insurance Policies**

27. Following its investigation, on March 31, 2010, Domestic Bank made a written demand upon NECD and IMS for immediate reimbursement of the shortages that it had discovered. (Breitenbach Dec. Exh. 9.)

28. NECD and IMS failed to account for the missing money and have failed to return the Bank Cash or otherwise make restitution for the losses. (Baker Dec. ¶ 24.)

3691434v.2

29. This demand was also served on Marshall Sterling, an agent of Navigators and Specialty Broking Services. (Baker Dec. ¶ 24.)

30. On August 31, 2010, Lowers & Associates, on behalf of Navigators, issued a Reservations of Rights letter regarding Domestic Bank's claim. (Breitenbach Dec. Exh. 10.)

31. On November 29, 2010, Lowers & Associates, on behalf of Navigators, issued a Notice of Rescission and Disclaimer of Coverage letter. (Breitenbach Dec. Exh. 11.)

32. The reasons for Navigators' rescission were stated in the November 29, 2010 letter. (Breitenbach Dec. ¶ 11.)

Dated: Stamford, Connecticut
January 27, 2016

PLAINTIFF,
KNOWN LITIGATION HOLDINGS, LLC

By:   */s/ Roy W. Breitenbach*
Roy W. Breitenbach [ct 28949]
Michael J. Keane, Jr. [ct29455]
GARFUNKEL WILD, P.C.
350 Bedford Street, Suite 406A
Stamford, Connecticut 06901
Phone: (203) 316-0483
Fax: (203) 316-0493
*rbreitenbach@garfunkelwild.com*

3691434v.2

**CERTIFICATION**

This is to certify that on the 27th day of January, 2016, a copy of the foregoing was emailed to the following:

>Jeffrey F. Gostyla, Esq.
>Halloran & Sage LLP
>One Goodwin Square
>225 Asylum Street
>Hartford, CT  06103
>gostyla@halloran-sage.com
>
>Michael A. Bono Esq.
>Wade Clark Mulcahy
>111 Broadway
>New York, NY 10006
>mbono@wcmlaw.com

>>*/s/Roy W. Breitenbach*
>>Roy W. Breitenbach